**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

ROSCOE, LLC and                                Case No.: 12-15391-RBR
BIMA II, LLC                                   Case No.: 12-15393-RBR

                                               **Chapter 7**
        **Debtors.**                           **Jointly Administered Under**
_____ /             **Case No. 12-15391-RBR**

<u>**CHAPTER 7 TRUSTEE'S SECOND OMNIBUS MOTION TO APPROVE**</u>
<u>**COMPROMISES OF CONTROVERSIES**</u>

**NOTICE**

**Any interested party who fails to file and serve a written response to
this motion within 21 days after the date of service stated in this
motion shall, pursuant to Local Rule 9013-1(D), be deemed to have
consented to the entry of an order in the form attached to this
motion. Any scheduled hearing may then be cancelled.**

Kenneth A. Welt, the duly appointed Chapter 7 Trustee (the "Trustee") for Roscoe, LLC

and BIMA II, LLC (collectively, the "Debtors"), by and though undersigned counsel, pursuant to

Fed. R. Bank. P. 9019 and Local Rules 9013-1(D)(3) and 9019-1, hereby files this Second

Omnibus Motion to Approve Compromises of Controversies (the "Motion"), and in support

thereof states:

<u>**Background**</u>

1.      On March 5, 2012, the Debtors each filed a voluntary petition for relief under

Chapter 11 of the Bankruptcy Code (the "Petition Date").

2.      On July 10, 2012, this Court entered an Order converting the Debtors' cases to

Chapter 7 proceedings.  On the same day, the Office of the United States Trustee appointed

Kenneth A. Welt as the Debtors' Chapter 7 Trustee.

3.      The Trustee has been appointed Chapter 7 Trustee for the estate of each of the

Debtors.

4.      On January 16, 2014 and March 4, 2014, the Trustee filed a total of 13 complaints

against certain third parties seeking to avoid and recover certain pre-petition transfers pursuant to

11 U.S.C. §§ 547(b), 548 and 550(a) (Adversary Nos. 14-01109-RBR through 14-01120-RBR)

(collectively, the "Adversaries").

**Proposed Settlements**

5.      By this Motion, the Trustee seeks the entry of an Order approving the settlement

agreements (collectively, the "Settlement Agreements") that the he has entered into with the

defendants in the Adversaries.

6.      Copies of each of the Settlement Agreements are attached hereto as Composite

**Exhibit A**.

7.      The material terms of the Settlement Agreements are as follows:[1]

| <u>Adv. No.</u> | <u>Defendant</u> | <u>Settlement Amount</u> | <u>Mutual Release</u> |
|---|---|---|---|
| 14-1111 | Albert L. Master, C.P.A., P.A. | $4,400.00 | Yes |
| 14-1113 | Cheney Bros., Inc. | $6,000.00 | Yes |
| 14-1114 | JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. | $19,500.00 | Yes |
| 14-1117 | US Foodservice, Inc. | $5,000.00 | Yes |
| 14-1259 | John Handel & Associates, Inc., Lexington Insurance Company | $9,750.00 | Yes |

**Legal Argument and Citation to Authority**

8.      Bankruptcy Rule 9019(a) provides that: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."  Fed. R. Bankr. P. 9019(a).

9.      Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court. In re Arrow Air, 85 BR 891 (Bankr. S.D. Fla. 1988).  The standards for approval are well settled and require the Court to inquire into the reasonableness of the proposed settlement.  See, e.g., Protective Comm. for Indep.  Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir.), cert. denied, sub nom., Cosoff v. Rodman, 464 U.S. 822 (1983); Florida Trailer and Equip. Co. v. Deal, 284 F.2d 567, 571 (5th Cir. 1960).  The inquiry need only determine whether the settlement falls below the lowest point of the range of reasonableness.  See W.T. Grant Co., 699 F.2d at 608.

10.      In the Eleventh Circuit, the Court must consider the following factors in determining whether to approve the Settlement Agreement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. In re Justice Oaks, II, Ltd., 898 F.2d 1544, 1549 (11th Cir.), cert. denied, 498 U.S. 959 (1990) (establishing the legal standard for approval of settlements).

---

[1] The following is only a summary of the Settlement Agreements.  All parties in interest are urged to consult the Settlement Agreements for a complete and accurate description of their terms.  In the event of inconsistency

See also In re Martin, 91 F.3d 389 (3rd Cir. 1996); In re Louise's Inc., 211 B.R. 798 (D. Del. 1997).

      11.     In evaluating the Settlement Agreements, this Court

> need not rest its decision whether to approve a settlement upon a resolution of ultimate factual and legal issues which underlie the disputes that are proposed to be compromised. In re Teltronics Services, Inc., *supra*. In a Fifth Circuit decision which is binding on this Court, Florida Trailer and Equipment Company v. Deal, 284 F.2d 567, 571 (5th Cir.1960), the Court stated:

>> Of course, the approval of a proposed settlement does not depend upon establishing as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable. The probable outcome in the event of litigation, the relative advantages and disadvantages are, of course, relevant factors for evaluation. *But the very uncertainties of litigation, as well as the avoidance of wasteful litigation and expense, lay behind the Congressional infusion of a power to compromise. This is a recognition of the policy of the law generally to encourage settlements. This could hardly be achieved if the test on hearing for approval meant establishing success or failure to a certainty. Parties would be hesitant to explore the likelihood of settlement apprehensive as they would then be that the application for approval would necessarily result in a judicial determination that there was no escape from liability or no hope of recovery and hence no basis for a compromise.* Thus, this Court need not resolve each disputed matter in determining the propriety of the settlement, rather, the Court may, and should, make a pragmatic decision on the basis of all equitable factors.

In re Holywell Corp., 93 B.R. 291 (Bankr. S.D. Fla. 1988) (emphasis in original).

---

between this summary and the Settlement Agreements, the Settlement Agreements shall control.

12.    In applying the foregoing factors, the Trustee respectfully submits that the Settlement Agreements fall well within the "range of reasonableness," and satisfies the legal standard set forth in <u>Justice Oaks</u> as follows:

a.    **Probability of success in the litigation**. Based on the affirmative defenses raised by certain of the defendants, including subsequent new value and ordinary course of business, the Trustee believes that the probability of success of obtaining judgments in the full amount sought in the complaints is questionable.

b.    **Difficulties, if any, to be encountered in the matter of collection**.  If successful, the Trustee believes that he would likely encounter the normal difficulties associated with executing and collecting on potential judgments against any of the settling defendants.

c.    **Complexity of the litigation involved**.  The Trustee believes that the complaints do not raise any novel or complex legal issues.

d.    **Expense, inconvenience and delay**. If the Trustee should decide to continue with litigation, he will be required to expend additional estate resources, the net effect of which would likely reduce the ultimate distribution to creditors. There is no assurance that the trier of fact will deem the Trustee the prevailing party in the full amount of the claims, and continuing litigation (in light of the affirmative defenses interposed by certain of the defendant) would unnecessarily delay the administration of the estate.

e.    **Paramount interest of the creditors**.  The approval of the Settlement Agreements is in the best interests of creditors and all parties in interest. A final resolution of the issues without further litigation will result in substantial economic benefit to the estate likely causing creditors to receive a distribution sooner than if the matter were delayed by proceeding to its fruition through continued litigation.

13.    Based upon the foregoing, the Trustee respectfully requests that each of the Settlement Agreements be approved.

14.    A proposed Order approving the Settlement Agreements is attached hereto as **Exhibit B**.

**WHEREFORE**, the Trustee respectfully requests this Court to enter an Order (i) approving the terms of the Settlement Agreements described herein; (ii) authorizing the Trustee

to take any and all action and execute any and all documents necessary to effectuate the terms of the Settlement Agreements; and (iii) for any additional relief as the Court deems appropriate.

Dated this <u>18th</u> day of July, 2014.

> GENOVESE JOBLOVE & BATTISTA, P.A.
> *Counsel for Plaintiff*
> Miami Tower, 44th Floor
> 100 S.E. Second Street
> Miami, Florida 33131
> Tel.: (305) 349-2300
> Fax.: (305) 349-2310
>
> By: /s/ Michael L. Schuster
> Glenn D. Moses, Esq.
> Florida Bar No. 174556
> Email: gmoses@gjb-law.com
> Michael L. Schuster, Esq.
> Florida Bar No. 57119
> Email: mschuster@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF and/or first-class postage-prepaid U.S. Mail to all parties on the attached service list this 18th day of July, 2014.

> /s/ Michael L. Schuster
> Michael L. Schuster

<u>**SERVICE LIST**</u>

<u>**VIA CM/ECF**</u>

Becket and Lee LLP, Esq on behalf of Creditor American Express Travel Related Services Co Inc
notices@becket-lee.com

Lisa M. Castellano, Esq. on behalf of Creditor The Tides at Bridgeside Square Condominium Association, Inc.
lcastellano@becker-poliakoff.com, thenry@becker-poliakoff.com;tfritz@becker-poliakoff.com

Lisa M. Castellano, Esq. on behalf of Creditor The Tides at Bridgeside Square, CAI
lcastellano@becker-poliakoff.com, thenry@becker-poliakoff.com;tfritz@becker-poliakoff.com

David A Fagerstrom on behalf of Defendant Cheney Brothers, Inc.
dfagerstrom@wylandtadros.com

Edward M Fitzgerald, Esq on behalf of Defendant USI Insurance Services, LLC
edward.fitzgerald@hklaw.com, linda.young@hklaw.com

Todd S Frankenthal, Esq on behalf of Interested Party Elizabeth Schrupp
tsklaw01@bellsouth.net

Joe M. Grant, Esq. on behalf of Debtor BIMA II, LLC
jgrant@msglaw.com, efile@msglaw.com;mg197ecfbox@gmail.com

Hollie N Hawn, Esq on behalf of Creditor Broward County
hhawn@broward.org, swulfekuhle@broward.org

Allen M Levine on behalf of Creditor The Tides at Bridgeside Square Condominium Association, Inc.
alevine@becker-poliakoff.com

Adam M Ludwin on behalf of Creditor Fern Puzio
Aludwin@legalaid.org

Adam D. Marshall, Esq. on behalf of Debtor BIMA II, LLC
AMarshall@MarshallGrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

Glenn D Moses, Esq on behalf of Trustee Kenneth A Welt
gmoses@gjb-law.com, gjbecf@gjb-law.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Kenneth S Rappaport, Esq on behalf of Creditor Jowdy Industries, Inc d/b/a Independent

Seafood
rappaport@kennethrappaportlawoffice.com

David R. Softness, Esq. on behalf of Creditor Firstbank Florida
david@softnesslaw.com, sam@softnesslaw.com;david@ecf.inforuptcy.com

Kenneth A Welt
court@trusteeservices.biz, fl10@ecfcbis.com;pacerfilings@gmail.com

**VIA U.S. MAIL**

Albert L. Masters
President, Albert L. Masters, C.P.A., P.A.
1881 University Drive, Suite 100
Coral Springs, FL 33071

David S. Tadros, Esq.
David A. Fagerstrom, Esq.
Wyland & Tadros LLP
Attorneys for Defendant
1665 Palm Beach Lakes Blvd., Suite 900
West Palm Beach, FL 33401

Kevin C. Driscoll, Jr
One North Wacker Drive
Suite 4400
Chicago, IL 60606-2833

Aaron Davis
Bryan Cave LLP
161 North Clark Street
Suite 4300
Chicago, IL  60601

Nicolette C. Vilmos
Douglas A. Goldin, Esquire
BROAD AND CASSEL
390 North Orange Avenue, Suite 1400
Orlando, Florida 32801

Ryan G. Foley
AIG
Associate General Counsel
AIG Property Casualty
5 Wood Hollow Rd, 3rd Floor

Parsippany, NJ 07054

Emerson Allsworth
1177 SE 3 Ave
Ft Lauderdale, FL 33318

Albert C D'Agostino
511 SE 5 Ave #107
Fort Lauderdale, FL 33301

Gold Coast Linen Services
1811 N Dixie Highway
West Palm Beach, FL 33407

Marc A Kaufman on behalf of Creditor Fern Puzio
350 E Las Olas Blvd #970
Ft Lauderdale, FL 33301

Sandirose Magder
110 E Broward Blvd #1700
Fort Lauderdale, FL 33301

Roscoe, LLC
c/o John Wile
3217 NE 31 Ave
Lighthouse Point, FL 33064

Louis J Terminello
2700 SW 37 Ave
Miami, FL 33133

Doug Walker
350 Jim Moran Blvd #220
Deerfield Beach, Fl 33442


**AND VIA U.S. MAIL TO ALL PARTIES IN INTEREST LISTED ON THE MAILING MATRICES FOR ROSCOE, LLC AND BIMA II, LLC ATTACHED HERETO AS EXHIBIT C[2]**

---

[2] The mailing matrices attached as Exhibit C are being filed with the Court, but will not be served to parties in interest.

**COMPOSITE EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ROSCOE, LLC and                                                 Case No.: 12-15391-RBR
BIMA II, LLC                                                    Case No.: 12-15393-RBR


                                                                Chapter 7
            Debtors.                                            Jointly Administered Under
_____ /                              Case No. 12-15391-RBR

KENNETH A. WELT,
CHAPTER 7 TRUSTEE,

            Plaintiff,

v.

ALBERT L. MASTERS, C.P.A., P.A.                                 Adv. Pro. No. 14-01111-BKC-RBR

            Defendant.
_____ /

### SETTLEMENT AGREEMENT AND RELEASE

        This Settlement Agreement and Release (hereinafter the "Settlement Agreement") is

made this **30** day of April, 2014, and is entered into by and between Kenneth A. Welt, Chapter

7 Trustee (the "Trustee" or the "Plaintiff") for Roscoe, LLC and BIMA II, LLC (together, the

"Debtors")s; and (ii) Albert L. Masters, C.P.A., P.A. ("Defendant") (the Trustee and the

Defendant shall sometimes collectively be referred to herein as the "Parties" or separately as

the "Party").

        WHEREAS, on March 5, 2012 (the "Petition Date"), the Debtors filed voluntary

petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et

seq. (as amended, the "Bankruptcy Code"), which cases (collectively, the "Main Case") are

pending before the United States Bankruptcy Court for the Southern District of Florida (the

"Court").

        WHEREAS, On July 10, 2012, this Court entered an Order converting the Debtors' cases

to Chapter 7 proceedings.  On the same day, the Office of the United States Trustee appointed Kenneth A. Welt as the Debtors' Chapter 7 Trustee.

WHEREAS, The Plaintiff has been appointed Chapter 7 Trustee for the estate of each of the Debtors and in that capacity has the authority to pursue, litigate or settle this adversary case.

WHEREAS, on January 16, 2014, the Trustee commenced a cause of action against the Defendant under the case styled *Kenneth A. Welt, Chapter 7 Trustee v. Albert L. Masters, C.P.A., P.A.,* Adv. No. 14-01111-RBR (the "Adversary Proceeding"), seeking to avoid certain transfers made to the Defendant pursuant to 11 U.S.C. § 547 of the Bankruptcy Code, and recover such transfers from the Defendant for the benefit of the Debtors' bankruptcy estate in the total aggregate sum of $15,400.00 pursuant to 11 U.S.C. § 550(a);

WHEREAS, the Defendant has asserted affirmative defenses to the Adversary Proceeding, including (without limitation), ordinary course of business, subsequent new value, and contemporaneous exchange of value.

WHEREAS, in order to avoid the high costs and uncertainties of litigation, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle this matter amicably, have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the premises aforesaid and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as follows:

1.      Recitals Incorporated. The recitals and prefatory phrases and paragraphs set forth above are true, accurate and correct, and are incorporated in full and made a part of this Settlement Agreement.

2.      Settlement Payment.  In full and final satisfaction of all claims and demands that were or could have been asserted in the Main Case or the Adversary Proceeding by the Plaintiff

against the Defendant, the Defendant shall pay the Trustee the total sum of $4,400.00 (the "Settlement Amount"), which payment shall be due and payable in a lump sum no later than ten (10) calendar days after the execution of this Settlement Agreement. Payment of the Settlement Amount shall be tendered to the Trustee's counsel and made payable to the "Kenneth A. Welt, Chapter 7 Trustee"

        3.      Bankruptcy Court Approval Required. This Settlement Agreement shall be subject in all respects to Bankruptcy Court approval pursuant to Fed. R. Bankr. P. 9019. If the Bankruptcy Court does not approve this Settlement Agreement, it shall be null, void and of no further force and effect, and the Trustee shall return all of the Settlement Amount previously received. The Trustee shall file a motion with the Bankruptcy Court seeking approval of this Settlement Agreement pursuant to Fed. R. Bankr. P. 9019 no later than thirty (30) days of full execution of this Settlement Agreement.

        4.      Attorneys' Fees and Costs. Each Party shall bear his or its own attorneys' fees and costs incurred in regard to all matters arising out of or relating to this Settlement Agreement, the Main Case and the Adversary Proceeding.

        5.      Mutual Release. Effective upon confirmation of receipt and bank clearance of the funds that are the subject of the Settlement Amount, the Parties forever remise, release, acquit, satisfy, and forever discharge one another, including their respective officers, directors, employees, agents, attorneys and members and shall be deemed to have mutually remised, released, acquitted, satisfied, and forever discharged one another including their respective officers, directors, employees, agents, attorneys and members of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which the Parties ever had or now have against one another, or which any personal representative, successor, heir or assign of the Parties hereafter can, shall or may have, by reason of any matter, cause or thing

whatsoever, whether known or unknown, from the beginning of time to the date of this Settlement Agreement, including, without limitation, all claims, demands and defenses that were or could have been raised in the Main Case and the Adversary Proceeding. The Defendant further agrees to waive any and all claims already filed or scheduled against the estates or the right to assert any and all additional claims against the estates or the Creditor Trust for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(d) and (h). This paragraph, however, shall not operate or be construed to operate as a release or discharge of any of the obligations under this Settlement Agreement, and does not contemplate any third-party beneficiaries.

6.    Adversary Proceeding. Within ten (10) business days after Bankruptcy Court approval of this Settlement Agreement, the Trustee shall file and serve a voluntary dismissal of the Adversary Proceeding with prejudice, with each party to bear their own attorneys' fees and costs.

7.    Default. In the event that a Party defaults hereunder and fails to cure said default as set forth below, the non-defaulting Party shall be entitled to an award of reasonable attorney's fees and costs relative to the enforcement of the terms of this Settlement Agreement. Without limitation, an event of default shall occur if the Defendant fails to timely make the payment of the Settlement Amount to the Plaintiff as set forth in Paragraph 2 above, in which case, the Trustee, through counsel, shall provide written notice (the "Written Notice") of the default to the Defendant's counsel by first-class postage-paid U.S. mail or by facsimile and/or e-mail if such information is available (all of which the Parties agree to be acceptable methods of properly giving notice under this Agreement). The Written Notice shall provide five (5) business days from the date of such notice to cure the default. Should the Defendant fail to cure the default within the period referenced above, then, upon the Trustee's filing of a Motion to Request a Final Judgment, the Trustee, after notice and hearing, shall be entitled to the entry of

a Final Judgment against the Defendant in the full amount sought in the Adversary Proceeding, plus the reasonable fees and costs incurred with enforcing this Settlement Agreement. The only defense to the entry of a Final Judgment shall be the payment of the Settlement Amount plus the Trustee's reasonable fees in seeking to enforce this Settlement Agreement. All other defenses shall be deemed waived.

        8.      Notices. All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following:

        a.     Trustee:     Glenn D. Moses, Esq.
gmoses@gjb-law.com
Michael L. Schuster, Esq.
mschuster@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Tel: (305) 349-2300
Fax: (305) 349-2310
*Counsel for the Trustee*

        b.     Defendant:     Albert Masters, President
almasters@bellsouth.net
1881 University Drive, Ste. 100
Coral Springs, FL 33071
Telephone (954) 755-2355
*Defendant*

        9.      Binding Effect. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, including, but not limited to, any successor trustee of the Debtors' bankruptcy estates (or any successor trustee appointed by the Bankruptcy Court) or the Debtors' bankruptcy estates.

        10.     Entire Agreement. This Settlement Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this Settlement Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon the execution and

delivery of this Settlement Agreement, superseded, null and void.

11.     Amendments.  No waiver, modification or amendment of the terms of this Settlement Agreement shall be valid or binding unless made in writing, signed by the party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

12.     Counter-Parts.  The Parties may execute this Settlement Agreement in whole or counterparts, and execution of counterparts shall have the same force and effect as if the parties had signed the same instrument. Signatures transmitted electronically or by facsimile shall have the same effect as original signatures.

13.     Choice of Law.  This Settlement Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without regard to its conflict of law principles.

14.     Neutral Interpretation.  In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

15.     Authority.  Each Party to this Settlement Agreement warrants and represents that the person signing this Settlement Agreement on its behalf is duly authorized to enter into this Settlement Agreement on behalf of such party. Each Party signing this Settlement Agreement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement Agreement and shall survive execution of this Settlement Agreement.

16.     Illegality.  If any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability shall not affect any other clause, provision, or paragraph of this

Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein, except if the release granted by the Defendant in this Settlement Agreement is deemed to be unenforceable, illegal, or invalid, then the release granted by the Trustee herein shall be of no force and effect, and any monies that may have been delivered to the Trustee pursuant to the settlement referenced herein shall be returned to the Defendant's counsel forthwith.

17.    Advice of Counsel. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement and that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party has had it fully explained to them by their counsel and understands the terms and provisions of this Settlement Agreement and its nature and effect. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

18.    Acknowledgement. This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Settlement Agreement is in the best interests of the Parties.

19.    Divisions and Headings. The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed as of the date shown above.

ALBERT L. MASTERS, C.P.A., P.A.

By _Albert L Masters_

Name: _ALBERT L MASTERS_

Title: _PRESIDENT_


Michael L. Schuster, Esq,, counsel to Kenneth A.
Welt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ROSCOE, LLC and                                         Case No.: 12-15391-RBR
BIMA II, LLC                                            Case No.: 12-15393-RBR


                                                        Chapter 7
            Debtors.                                    Jointly Administered Under
_____ /                      Case No. 12-15391-RBR

KENNETH A. WELT,
CHAPTER 7 TRUSTEE,

        Plaintiff,
v.

CHENEY BROS., INC.,                                     Adv. Pro. No. 14-01113-BKC-RBR

        Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE

        This Settlement Agreement and Release (hereinafter the "Settlement Agreement") is

made this 10th day of July, 2014, and is entered into by and between Kenneth A. Welt, Chapter

7 Trustee (the "Trustee" or the "Plaintiff") for Roscoe, LLC and BIMA II, LLC (together, the

"Debtors"); and (ii) Cheney Bros., Inc. ("Defendant") (the Trustee and the Defendant shall

sometimes collectively be referred to herein as the "Parties" or separately as the "Party").

        WHEREAS, on March 5, 2012 (the "Petition Date"), the Debtors filed voluntary

petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et

seq. (as amended, the "Bankruptcy Code"), which cases (collectively, the "Main Case") are

pending before the United States Bankruptcy Court for the Southern District of Florida (the

"Court").

        WHEREAS, on July 10, 2012, this Court entered an Order converting the Debtors' cases

to Chapter 7 proceedings, and  on the same day, the Office of the United States Trustee appointed

Kenneth A. Welt as the Debtors' Chapter 7 Trustee.

WHEREAS, The Plaintiff has been appointed Chapter 7 Trustee for the estate of each of the Debtors and in that capacity has the authority to pursue, litigate or settle this adversary case.

WHEREAS, on January 16, 2014, the Trustee commenced a cause of action against the Defendant under the case styled *Kenneth A. Welt, Chapter 7 Trustee v. Cheney Bros., Inc.,* Adv. No. 14-01113-RBR (the "Adversary Proceeding"), seeking to avoid certain alleged preferential transfers made to the Defendant pursuant to 11 U.S.C. § 547 of the Bankruptcy Code, and recover such alleged preferential transfers from the Defendant for the benefit of the Debtors' bankruptcy estate in the total aggregate sum of $50,119.25 pursuant to 11 U.S.C. § 550(a);

WHEREAS, the Defendant has asserted affirmative defenses to the Adversary Proceeding, including (without limitation), ordinary course of business, subsequent new value, and contemporaneous exchange of value.

WHEREAS, in order to avoid the high costs and uncertainties of litigation, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle this matter amicably, have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the premises aforesaid and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as follows:

1. <u>Recitals Incorporated.</u> The recitals and prefatory phrases and paragraphs set forth above are true, accurate and correct, and are incorporated in full and made a part of this Settlement Agreement.

2. <u>Settlement Payment.</u> In full and final satisfaction of all claims and demands that were or could have been asserted in the Main Case or the Adversary Proceeding by the Plaintiff

against the Defendant, the Defendant shall pay the Trustee the total sum of $6,000.00 (the "Settlement Amount"), which payment shall be due and payable in a lump sum no later than ten (10) calendar days after the execution of this Settlement Agreement.  Payment of the Settlement Amount shall be tendered to the Trustee's counsel and made payable to "Kenneth A. Welt, Chapter 7 Trustee" with a reference to Adv. No. 14-0113 in the memo line.

3.    <u>Bankruptcy Court Approval Required.</u>  This Settlement Agreement shall be subject in all respects to Bankruptcy Court approval pursuant to Fed. R. Bankr. P. 9019.  If the Bankruptcy Court does not approve this Settlement Agreement, it shall be null, void and of no further force and effect, and the Trustee shall return to Defendant all of the Settlement Amount previously received, and Defendant shall be entitled to file its response to the Complaint in the Adversary Proceeding, and/or otherwise defend and/or raise any and all claims available to it in the Main Case and the Adversary Proceeding.  The Trustee shall file a motion with the Bankruptcy Court seeking approval of this Settlement Agreement pursuant to Fed. R. Bankr. P. 9019 no later than thirty (30) days after full execution of this Settlement Agreement.

4.    <u>Attorneys' Fees and Costs.</u>  Each Party shall bear his or its own attorneys' fees and costs incurred in regard to all matters arising out of or relating to this Settlement Agreement, the Main Case and the Adversary Proceeding.

5.    <u>Mutual Release.</u>  Effective upon confirmation of receipt and bank clearance of the funds that are the subject of the Settlement Amount, the Parties forever remise, release, acquit, satisfy, and forever discharge one another, including their respective officers, directors, employees, agents, attorneys and members and shall be deemed to have mutually remised, released, acquitted, satisfied, and forever discharged one another including their respective officers, directors, employees, agents, attorneys and members of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies,

agreements, promises, claims and demands whatsoever, which the Parties ever had or now have against one another, or which any personal representative, successor, heir or assign of the Parties hereafter can, shall or may have, by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of time to the date of this Settlement Agreement in relation to the Debtors, the Main Case and the Adversary Proceeding, including, without limitation, all claims, demands and defenses that were or could have been raised in the Main Case and the Adversary Proceeding. The Defendant further agrees to waive any and all claims already filed or scheduled against the estates or either estate pursuant to 11 U.S.C. § 502(d), including without limitation any claims which could be filed for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(h), or the right to assert any and all additional claims against the estates for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(d) and (h). The Trustee further agrees to waive any and all claims or the right to assert any and all additional claims, if any, against Defendant with respect to payments made to Defendant from the Debtors or the estates from the commencement of the Main Case through the date of this Settlement Agreement and/or with respect to any post-petition claims. This paragraph, however, shall not operate or be construed to operate as a release or discharge of any of the obligations under this Settlement Agreement, and does not contemplate any third-party beneficiaries.

6.    Adversary Proceeding. Within five (5) business days after Bankruptcy Court approval of this Settlement Agreement, the Trustee shall file and serve a voluntary dismissal of the Adversary Proceeding with prejudice, with each party to bear their own attorneys' fees and costs.

7.    Default. In the event that a Party defaults hereunder and fails to cure said default as set forth below, the non-defaulting Party shall be entitled to enforcement of the terms of this Settlement Agreement. Without limitation, an event of default shall occur if the

Defendant fails to timely make the payment of the Settlement Amount to the Plaintiff as set forth in Paragraph 2 above, in which case, the Trustee, through counsel, shall provide written notice (the "Written Notice") of the default to the Defendant's counsel by certified U.S. mail, return receipt requested, with a copy by e-mail if such information is available (all of which the Parties agree to be acceptable methods of properly giving notice under this Agreement). The Written Notice shall provide five (5) business days from the date of receipt of such notice to cure the default. Should the Defendant fail to cure the default within the period referenced above, then, upon the Trustee's filing of a Motion to Request a Final Judgment, the Trustee, after notice and hearing, shall be entitled to the entry of a Final Judgment against the Defendant in the full amount of the demand set forth in the Complaint In such event, the only defense to the entry of a Final Judgment shall be the payment of the Settlement Amount less any monies that may have previously been delivered to the Trustee pursuant to the settlement referenced herein . All other defenses shall be deemed waived.

8.      Notices. All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following:

a.      Trustee:        Glenn D. Moses, Esq.
                        gmoses@gjb-law.com
                        Michael L. Schuster, Esq.
                        mschuster@gjb-law.com
                        Genovese Joblove & Battista, P.A.
                        100 S.E. Second Street, 44th Floor
                        Miami, Florida 33131
                        Tel: (305) 349-2300
                        Fax: (305) 349-2310
                        *Counsel for the Trustee*

b.      Defendant:      David S. Tadros, Esq.
                        dtadros@wylandtadros.com
                        Wyland & Tadros, LLP
                        1665 Palm Beach Lakes Blvd., Ste 900
                        West Palm Beach, FL 33401
                        Telephone (561) 275-2990
                        *Counsel for the Defendant*

9.    <u>Binding Effect.</u>  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, including, but not limited to, any successor trustee of the Debtors' bankruptcy estates (or any successor trustee appointed by the Bankruptcy Court) or the Debtors' bankruptcy estates.

10.    <u>Entire Agreement.</u>    This Settlement Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this Settlement Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon the execution and delivery of this Settlement Agreement, superseded, null and void.

11.    <u>Amendments.</u>  No waiver, modification or amendment of the terms of this Settlement Agreement shall be valid or binding unless made in writing, signed by the party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

12.    <u>Counter-Parts.</u>  The Parties may execute this Settlement Agreement in whole or counterparts, and execution of counterparts shall have the same force and effect as if the parties had signed the same instrument. Signatures transmitted electronically or by facsimile shall have the same effect as original signatures.

13.    <u>Choice of Law.</u>  This Settlement Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without regard to its conflict of law principles.

14.    <u>Neutral Interpretation.</u>  In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

15.    Authority.  Each Party to this Settlement Agreement warrants and represents that the person signing this Settlement Agreement on its behalf is duly authorized to enter into this Settlement Agreement on behalf of such party. Each Party signing this Settlement Agreement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement Agreement and shall survive execution of this Settlement Agreement.

16.    Illegality.  If any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability shall not affect any other clause, provision, or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein, except if the release granted by the Defendant in this Settlement Agreement is deemed to be unenforceable, illegal, or invalid, then the release granted by the Trustee herein shall be of no force and effect, and any monies that may have been delivered to the Trustee pursuant to the settlement referenced herein shall be returned to the Defendant's counsel forthwith and shall not be due; and if the release granted by Trustee in this Settlement Agreement is deemed to be unenforceable, illegal, or invalid, then the release granted by Defendant shall be of no force and effect, and any monies that may have been delivered to the Trustee pursuant to the settlement referenced herein shall be returned to the Defendant's counsel forthwith and shall not be due.  In either circumstance, Defendant shall be entitled to file its response to the Complaint filed in the Adversary Action and otherwise defend the Adversary Proceeding and/or maintain any and all claims or defenses in the Main Case and Adversary Proceeding.

17.    Advice of Counsel. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement

Agreement and that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party has had it fully explained to them by their counsel and understands the terms and provisions of this Settlement Agreement and its nature and effect. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

18.     <u>Acknowledgement.</u> This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Settlement Agreement is in the best interests of the Parties.

19.     <u>Divisions and Headings.</u> The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed as of the date shown above.

CHENEY BROS., INC.

By _____

Name: LARRY BARRERA

Title: Director of Credit

_____

Agreement and that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party has had it fully explained to them by their counsel and understands the terms and provisions of this Settlement Agreement and its nature and effect. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

18.    Acknowledgement. This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Settlement Agreement is in the best interests of the Parties.

19.    Divisions and Headings. The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed as of the date shown above.

CHENEY BROS., INC.

By _____

Name: _____

Title: _____

_____
Michael L. Schuster, Esq,, counsel to Kenneth A.
Welt, Chapter 7 Trustee

_____
Kenneth A. Welt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ROSCOE, LLC and                                    Case No.: 12-15391-RBR
BIMA II, LLC                                       Case No.: 12-15393-RBR

                                                   Chapter 7
        Debtors.                                   Jointly Administered Under
_____/                  Case No. 12-15391-RBR

KENNETH A. WELT,
CHAPTER 7 TRUSTEE,

        Plaintiff,

v.

JPMORGAN CHASE & CO.and                            Adv. Pro. No. 14-01114-BKC-RBR
JPMORGAN CHASE BANK, N.A.,

        Defendant(s).
_____/

## SETTLEMENT AGREEMENT AND RELEASE

        This Settlement Agreement and Release (hereinafter the "Settlement Agreement") is
made this 3⁶ᵗʰ day of July, 2014, and is entered into by and between Kenneth A. Welt, Chapter
7 Trustee (the "Trustee" or the "Plaintiff") for Roscoe, LLC and BIMA II, LLC (together, the
"Debtors"); and (ii) Chase Bank USA, N.A. incorrectly named herein as JPMorgan Chase &
Co. and JPMorgan Chase Bank, N.A. ("Defendant") (the Trustee and the Defendant shall
sometimes collectively be referred to herein as the "Parties" or separately as the "Party").

        WHEREAS, on March 5, 2012 (the "Petition Date"), the Debtors filed voluntary
petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et
seq. (as amended, the "Bankruptcy Code"), which cases (collectively, the "Main Case") are
pending before the United States Bankruptcy Court for the Southern District of Florida (the
"Court").

WHEREAS, on July 10, 2012, this Court entered an Order converting the Debtors' cases to Chapter 7 proceedings, and on the same day, the Office of the United States Trustee appointed Kenneth A. Welt as the Debtors' Chapter 7 Trustee.

WHEREAS, The Plaintiff has been appointed Chapter 7 Trustee for the estate of each of the Debtors and in that capacity has the authority to pursue, litigate or settle this adversary case.

WHEREAS, on January 16, 2014, the Trustee commenced a cause of action against the Defendant under the case styled *Kenneth A. Welt, Chapter 7 Trustee v. JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*, Adv. No. 14-01114-RBR (the "Adversary Proceeding"), seeking to avoid certain alleged preferential transfers made to the Defendant pursuant to 11 U.S.C. § 547 of the Bankruptcy Code, and recover such alleged preferential transfers from the Defendant for the benefit of the Debtors' bankruptcy estate in the total aggregate sum of $103,181.88 pursuant to 11 U.S.C. § 550(a) with Chase disputing and denying the allegations in the Complaint;

WHEREAS, in order to avoid the high costs and uncertainties of litigation, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle this matter amicably, have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the premises aforesaid and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as follows:

1.     Recitals Incorporated. The recitals and prefatory phrases and paragraphs set forth above are true, accurate and correct, and are incorporated in full and made a part of this Settlement Agreement.

2.     Settlement Payment. In full and final satisfaction of all claims and demands that were or could have been asserted in the Main Case or the Adversary Proceeding by the Plaintiff

against the Defendant, the Defendant shall pay the Trustee the total sum of $19,500.00 (the "Settlement Amount"), which payment shall be due and payable in a lump sum no later than ten (10) business days after the latest of (i) Chase receiving a copy of this Settlement Agreement executed by the Trustee; (ii) the Bankruptcy Court entering an order approving this Settlement Agreement; and (iii) Chase receiving a properly executed W-9 form from the Trustee. . Payment of the Settlement Amount shall be tendered to the Trustee's counsel and made payable to the "Kenneth A. Welt, Chapter 7 Trustee"..

      3.      <u>Bankruptcy Court Approval Required.</u> This Settlement Agreement shall be subject in all respects to Bankruptcy Court approval pursuant to Fed. R. Bankr. P. 9019. If the Bankruptcy Court does not approve this Settlement Agreement, it shall be null, void and of no further force and effect, and the Trustee shall return to Defendant any Settlement Amount previously received, and Defendant shall be entitled to file its response to the Complaint in the Adversary Proceeding, and/or otherwise defend and/or raise any and all claims available to it in the Main Case and the Adversary Proceeding. The Trustee shall file a motion with the Bankruptcy Court seeking approval of this Settlement Agreement pursuant to Fed. R. Bankr. P. 9019.

      4.      <u>Attorneys' Fees and Costs.</u> Each Party shall bear his or its own attorneys' fees and costs incurred in regard to all matters arising out of or relating to this Settlement Agreement, the Main Case and the Adversary Proceeding.

      5.      <u>Mutual Release.</u> Effective upon confirmation of receipt and bank clearance of the funds that are the subject of the Settlement Amount, the Trustee remises, releases, acquits, satisfies, and forever discharges Chase and Chase's predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates and trustees

(including, but not limited to, JPMorgan Chase & Co.), of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which the Trustee ever had or now has against Chase. The Defendant agrees to waive any and all against the estates for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(d) and (h), or the right to assert any and all additional claims against the estates for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(d) and (h). Any claim filed by Chase or its affiliates not related to the Settlement Amount are expressly not waived by this Settlement Agreement with the Trustee being reserved any and all rights to object to said claim in the ordinary course. The Trustee further agrees to waive any and all claims or the right to assert any and all additional claims, if any, against Defendant with respect to payments made to Defendant from the Debtors or the estates from the commencement of the Main Case through the date of this Settlement Agreement and/or with respect to any post-petition claims. This paragraph, however, shall not operate or be construed to operate as a release or discharge of any of the obligations under this Settlement Agreement, and does not contemplate any third-party beneficiaries.

      6.     Adversary Proceeding. Within ten (10) business days after receipt and bank clearance of the funds that are the subject of the Settlement Amount, the Trustee shall file and serve a voluntary dismissal of the Adversary Proceeding with prejudice, with each party to bear their own attorneys' fees and costs.

      7.     Default. In the event that a Party defaults hereunder and fails to cure said default as set forth below, the non-defaulting Party shall be entitled to enforcement of the terms of this Settlement Agreement. Without limitation, an event of default shall occur if the Defendant fails to timely make the payment of the Settlement Amount to the Plaintiff as set forth in Paragraph 2 above, in which case, the Trustee, through counsel, shall provide written notice (the "Written Notice") of the default to the Defendant's counsel by certified U.S. mail,

return receipt requested, with a copy by e-mail if such information is available (all of which the Parties agree to be acceptable methods of properly giving notice under this Agreement). The Written Notice shall provide 10 (10) business days from the date of receipt of such notice to cure the default. Should the Defendant fail to cure the default within the period referenced above, then, upon the Trustee's filing of a Motion to Request a Final Judgment, the Trustee, after notice and hearing, shall be entitled to the entry of a Final Judgment against the Defendant in the full Settlement Amount  In such event, the only defense to the entry of a Final Judgment shall be the payment of the Settlement Amount or the applicability of paragraph 16 requiring that upon determination that either Party's release hereunder is unenforceable, illegal, or invalid, and any monies that may have been delivered to the Trustee pursuant to the settlement referenced herein shall be returned to the Defendant's counsel forthwith and shall not be due. All other defenses shall be deemed waived. Should the Plaintiff fail to cure the default within the period referenced above, then, Defendant shall be entitled to file a Motion to Enforce the Settlement Agreement.

8.      Notices. All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following:

            a.    Trustee:      Glenn D. Moses, Esq.
                                gmoses@gjb-law.com
                                Michael L. Schuster, Esq.
                                mschuster@gjb-law.com
                                Genovese Joblove & Battista, P.A.
                                100 S.E. Second Street, 44th Floor
                                Miami, Florida 33131
                                Tel: (305) 349-2300
                                Fax: (305) 349-2310
                                *Counsel for the Trustee*

            b.    Defendant:    Kevin C. Driscoll, Jr., Esq.
                                kevin.driscoll@btlaw.com
                                One North Wacker Drive
                                Suite 4400
                                Chicago, IL 60606-2833
                                Tel: (312) 214-8322

Fax: (312) 759-5646
*Counsel for the Defendant*

9.      Binding Effect. This Settlement Agreement shall be binding upon and inure
to the benefit of the Parties hereto and their respective successors and assigns, including, but
not limited to, any successor trustee of the Debtors' bankruptcy estates (or any successor trustee
appointed by the Bankruptcy Court) or the Debtors' bankruptcy estates.

10.     Entire Agreement. This Settlement Agreement constitutes the entire
agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge
that there are no communications or oral understandings contrary, different, or that in any
way restrict this Settlement Agreement, and that all prior agreements or understandings within
the scope of the subject matter of this Settlement Agreement are, upon the execution and
delivery of this Settlement Agreement, superseded, null and void.

11.     Amendments. No waiver, modification or amendment of the terms of this
Settlement Agreement shall be valid or binding unless made in writing, signed by the party to be
charged and then only to the extent as set forth in such written waiver, modification, or
amendment.

12.     Counter-Parts. The Parties may execute this Settlement Agreement in whole or
counterparts, and execution of counterparts shall have the same force and effect as if the
parties had signed the same instrument. Signatures transmitted electronically or by facsimile
shall have the same effect as original signatures.

13.     Omitted

14.     Confidentiality. Trustee and his counsel specifically agree that they will not
transmit any press release or other information to the media about this Agreement or its terms
but Trustee is explicitly authorized to attach the Agreement to a filed and served motion to
approve the Agreement.

15.     Neutral Interpretation.  In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

16.     Authority.  Each Party to this Settlement Agreement warrants and represents that the person signing this Settlement Agreement on its behalf is duly authorized to enter into this Settlement Agreement on behalf of such party. Each Party signing this Settlement Agreement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement Agreement and shall survive execution of this Settlement Agreement.

17.     Illegality.  If any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability shall not affect any other clause, provision, or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein, except if the release granted by the Defendant in this Settlement Agreement is deemed to be unenforceable, illegal, or invalid, then the release granted by the Trustee herein shall be of no force and effect, and any monies that may have been delivered to the Trustee pursuant to the settlement referenced herein shall be returned to the Defendant's counsel forthwith and shall not be due; and if the release granted by Trustee in this Settlement Agreement is deemed to be unenforceable, illegal, or invalid, then the release granted by Defendant shall be of no force and effect, and any monies that may have been delivered to the Trustee pursuant to the settlement referenced herein shall be returned to the Defendant's counsel forthwith and shall not be due. In either circumstance, Defendant shall be entitled to file its response to the Complaint filed in the Adversary Action and otherwise defend the

Adversary Proceeding and/or maintain any and all claims or defenses in the Main Case and Adversary Proceeding.

18.    Advice of Counsel. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement and that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party has had it fully explained to them by their counsel and understands the terms and provisions of this Settlement Agreement and its nature and effect. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

19.    Acknowledgement. This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Settlement Agreement is in the best interests of the Parties.

20.    Divisions and Headings. The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed as of the date shown above.

CHASE BANK USA, N.A.

By _____

Name: _____

Title: ____Vice President_____

Michael L. Schuster, Esq,, counsel to Kenneth A.
Welt, Chapter 7 Trustee

_____

Kenneth A. Welt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ROSCOE, LLC and
BIMA II, LLC

Case No.: 12-15391-RBR
Case No.: 12-15393-RBR

Debtors.

Chapter 7
Jointly Administered Under
Case No. 12-15391-RBR

_____ /

KENNETH A. WELT,
CHAPTER 7 TRUSTEE,

     Plaintiff,

v.

U.S. FOODSERVICE, INC.,
n/k/a US FOODS, INC.,

Adv. Pro. No. 14-01117-BKC-RBR

     Defendant.

_____ /

## SETTLEMENT AGREEMENT AND RELEASE

     This Settlement Agreement and Release (hereinafter the "Settlement Agreement") is made this 13th day of May, 2014, and is entered into by and between Kenneth A. Welt, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for Roscoe, LLC and BIMA II, LLC (together, the "Debtors")s; and (ii) U.S. Foodservice, Inc. n/k/a US Foods, Inc. ("Defendant") (the Trustee and the Defendant shall sometimes collectively be referred to herein as the "Parties" or separately as the "Party").

     WHEREAS, on March 5, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (as amended, the "Bankruptcy Code"), which cases (collectively, the "Main Case") are pending before the United States Bankruptcy Court for the Southern District of Florida (the "Court").

WHEREAS, On July 10, 2012, this Court entered an Order converting the Debtors' cases to Chapter 7 proceedings. On the same day, the Office of the United States Trustee appointed Kenneth A. Welt as the Debtors' Chapter 7 Trustee.

WHEREAS, The Plaintiff has been appointed Chapter 7 Trustee for the estate of each of the Debtors and in that capacity has the authority to pursue, litigate or settle this adversary case.

WHEREAS, on January 16, 2014, the Trustee commenced a cause of action against the Defendant under the case styled *Kenneth A. Welt, Chapter 7 Trustee v. U.S. Foodservice, Inc. n/k/a US Foods, Inc.*, Adv. No. 14-01117-RBR (the "Adversary Proceeding"), seeking to avoid certain transfers made to the Defendant pursuant to 11 U.S.C. § 547 of the Bankruptcy Code, and recover such transfers from the Defendant for the benefit of the Debtors' bankruptcy estate in the total aggregate sum of $11,030.81 pursuant to 11 U.S.C. § 550(a);

WHEREAS, the Defendant has asserted affirmative defenses to the Adversary Proceeding, including (without limitation), ordinary course of business, subsequent new value, and contemporaneous exchange of value.

WHEREAS, in order to avoid the high costs and uncertainties of litigation, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle this matter amicably, have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the premises aforesaid and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as follows:

1.    Recitals Incorporated. The recitals and prefatory phrases and paragraphs set forth above are true, accurate and correct, and are incorporated in full and made a part of this Settlement Agreement.

2.    Settlement Payment. In full and final satisfaction of all claims and demands that

were or could have been asserted in the Main Case or the Adversary Proceeding by the Plaintiff against the Defendant, the Defendant shall pay the Trustee the total sum of $5,000.00 (the "Settlement Amount"), which payment shall be due and payable in a lump sum no later than fifteen (15) calendar days after the execution of this Settlement Agreement and receipt by Defendant of an IRS Form W-9 from the Trustee. Payment of the Settlement Amount shall be tendered to the Trustee's counsel and made payable to the "Kenneth A. Welt, Chapter 7 Trustee"

3.      Bankruptcy Court Approval Required.  This Settlement Agreement shall be subject in all respects to Bankruptcy Court approval pursuant to Fed. R. Bankr. P. 9019. If the Bankruptcy Court does not approve this Settlement Agreement, it shall be null, void and of no further force and effect, and the Trustee shall return all of the Settlement Amount previously received. The Trustee shall file a motion with the Bankruptcy Court seeking approval of this Settlement Agreement pursuant to Fed. R. Bankr. P. 9019 no later than thirty (30) days of full execution of this Settlement Agreement.

4.      Attorneys' Fees and Costs.  Each Party shall bear his or its own attorneys' fees and costs incurred in regard to all matters arising out of or relating to this Settlement Agreement, the Main Case and the Adversary Proceeding.

5.      Mutual Release.  Effective upon confirmation of receipt and bank clearance of the funds that are the subject of the Settlement Amount, the Parties forever remise, release, acquit, satisfy, and forever discharge one another, including their respective officers, directors, employees, agents, attorneys and members and shall be deemed to have mutually remised, released, acquitted, satisfied, and forever discharged one another including their respective officers, directors, employees, agents, attorneys and members of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which the Parties ever had or now

have against one another, or which any personal representative, successor, heir or assign of the Parties hereafter can, shall or may have, by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of time to the date of this Settlement Agreement, including, without limitation, all claims, demands and defenses that were or could have been raised in the Main Case and the Adversary Proceeding. The Defendant further agrees to waive any and all claims already filed or scheduled against the estates or the right to assert any and all additional claims against the estates or the Creditor Trust for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(d) and (h). This paragraph, however, shall not operate or be construed to operate as a release or discharge of any of the obligations under this Settlement Agreement, and does not contemplate any third-party beneficiaries.

6.    Adversary Proceeding.  Within ten (10) business days after Bankruptcy Court approval of this Settlement Agreement, the Trustee shall file and serve a voluntary dismissal of the Adversary Proceeding with prejudice, with each party to bear their own attorneys' fees and costs.

7.    Default.  In the event that a Party defaults hereunder and fails to cure said default as set forth below, the non-defaulting Party shall be entitled to an award of reasonable attorney's fees and costs relative to the enforcement of the terms of this Settlement Agreement. Without limitation, an event of default shall occur if the Defendant fails to timely make the payment of the Settlement Amount to the Plaintiff as set forth in Paragraph 2 above, in which case, the Trustee, through counsel, shall provide written notice (the "Written Notice") of the default to the Defendant's counsel by first-class postage-paid U.S. mail or by facsimile and/or e-mail if such information is available (all of which the Parties agree to be acceptable methods of properly giving notice under this Agreement).  The Written Notice shall provide five (5) business days from the date of such notice to cure the default.  If and only if the Defendant fails

to timely make the payment of the Settlement Amount as set forth in Paragraph 2 above, then, upon the Trustee's filing of a Motion to Request a Final Judgment, the Trustee, after notice and hearing, shall be entitled to the entry of a Final Judgment against the Defendant in the full amount sought in the Adversary Proceeding, plus the reasonable fees and costs incurred with enforcing this Settlement Agreement. The only defense to the entry of such Final Judgment shall be the payment of the Settlement Amount plus the Trustee's reasonable fees in seeking to enforce this Settlement Agreement. All other defenses shall be deemed waived.

8.    <u>Notices.</u> All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following:

a.    <u>Trustee:</u>    Glenn D. Moses, Esq.
gmoses@gjb-law.com
Michael L. Schuster, Esq.
mschuster@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Tel: (305) 349-2300
Fax: (305) 349-2310
*Counsel for the Trustee*

b.    <u>Defendant:</u>    Faisal Delawalla, Esq.
Faisal.Delawalla@bryancave.com
Bryan Cave LLP
161 North Clark Street, Suite 4300
Chicago, IL 60601
Telephone (312) 602-5000
Fax: (312) 602-5050
*Counsel for the Defendant*

9.    <u>Binding Effect.</u> This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, including, but not limited to, any successor trustee of the Debtors' bankruptcy estates (or any successor trustee appointed by the Bankruptcy Court) or the Debtors' bankruptcy estates.

10.    <u>Entire Agreement.</u>    This Settlement Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge

that there are no communications or oral understandings contrary, different, or that in any way restrict this Settlement Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon the execution and delivery of this Settlement Agreement, superseded, null and void.

11.    Amendments.  No waiver, modification or amendment of the terms of this Settlement Agreement shall be valid or binding unless made in writing, signed by the party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

12.    Counter-Parts.  The Parties may execute this Settlement Agreement in whole or counterparts, and execution of counterparts shall have the same force and effect as if the parties had signed the same instrument. Signatures transmitted electronically or by facsimile shall have the same effect as original signatures.

13.    Choice of Law.  This Settlement Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without regard to its conflict of law principles.

14.    Neutral Interpretation.  In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

15.    Authority.  Each Party to this Settlement Agreement warrants and represents that the person signing this Settlement Agreement on its behalf is duly authorized to enter into this Settlement Agreement on behalf of such party. Each Party signing this Settlement Agreement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement Agreement and shall survive execution of this Settlement Agreement.

16.    Illegality.    If any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability shall not affect any other clause, provision, or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein, except if the release granted by the Defendant in this Settlement Agreement is deemed to be unenforceable, illegal, or invalid, then the release granted by the Trustee herein shall be of no force and effect, and any monies that may have been delivered to the Trustee pursuant to the settlement referenced herein shall be returned to the Defendant's counsel forthwith.

17.    Advice of Counsel. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement and that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party has had it fully explained to them by their counsel and understands the terms and provisions of this Settlement Agreement and its nature and effect. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

18.    Acknowledgement. This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Settlement Agreement is in the best interests of the Parties.

19.    Divisions and Headings. The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this

Settlement Agreement.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this

Settlement Agreement to be executed as of the date shown above.

U.S. FOODSERVICE, INC.,
n/k/a US FOODS, INC.,

By _____

Name: _____

Title: _____


Michael L. Schuster, Esq,, counsel to Kenneth A.
Welt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ROSCOE, LLC and                                          Case No.: 12-15391-RBR
BIMA II, LLC                                             Case No.: 12-15393-RBR


                                                        Chapter 7
          Debtors.                                      Jointly Administered Under
_____ /                       Case No. 12-15391-RBR

KENNETH A. WELT,
CHAPTER 7 TRUSTEE,

          Plaintiff,
v.

JOHN HANDEL & ASSOCIATES, INC. &
LEXINGTON INSURANCE COMPANY,
                                                        Adv. Pro. No. 14-01259-BKC-RBR
          Defendant.
_____ /

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter the "Settlement Agreement") is made this 19th day of June, 2014, and is entered into by and between Kenneth A. Welt, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for Roscoe, LLC and BIMA II, LLC (together, the "Debtors")s; and (ii) John Handel & Associates, Inc. ("Defendant") (the Trustee and the Defendant shall sometimes collectively be referred to herein as the "Parties" or separately as the "Party").

WHEREAS, on March 5, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (as amended, the "Bankruptcy Code"), which cases (collectively, the "Main Case") are pending before the United States Bankruptcy Court for the Southern District of Florida (the "Court").

WHEREAS, On July 10, 2012, this Court entered an Order converting the Debtors' cases to Chapter 7 proceedings. On the same day, the Office of the United States Trustee appointed Kenneth A. Welt as the Debtors' Chapter 7 Trustee.

WHEREAS, The Plaintiff has been appointed Chapter 7 Trustee for the estate of each of the Debtors and in that capacity has the authority to pursue, litigate or settle this adversary case.

WHEREAS, on March 4, 2014, the Trustee commenced a cause of action against the Defendant under the case styled *Kenneth A. Welt, Chapter 7 Trustee v. John Handel & Associates, Inc. & Lexington Insurance Company*; Adv. No. 14-01259-RBR (the "Adversary Proceeding"), seeking to avoid certain transfers made to the Defendant pursuant to 11 U.S.C. § 547 of the Bankruptcy Code, and recover such transfers from the Defendant for the benefit of the Debtors' bankruptcy estate in the total aggregate sum of $18,001.04 pursuant to 11 U.S.C. § 550(a);

WHEREAS, the Defendant has asserted affirmative defenses to the Adversary Proceeding, including (without limitation), failure to name an indispensable party and failure to state a cause of action upon which relief can be granted.

WHEREAS, in order to avoid the high costs and uncertainties of litigation, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle this matter amicably, have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the premises aforesaid and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as follows:

1.    Recitals Incorporated. The recitals and prefatory phrases and paragraphs set forth above are true, accurate and correct, and are incorporated in full and made a part of this Settlement Agreement.

2.      Settlement Payment. In full and final satisfaction of all claims and demands that were or could have been asserted in the Main Case or the Adversary Proceeding by the Plaintiff against the Defendant, the Defendant shall pay the Trustee the total sum of $1.000.00 (the "Settlement Amount"), which payment shall be due and payable in a lump sum no later than ten (10) calendar days after the execution of this Settlement Agreement. Payment of the Settlement Amount shall be tendered to the Trustee's counsel and made payable to the "Kenneth A. Welt, Chapter 7 Trustee"

3.      No Settlement as to Lexington Insurance Company. For the avoidance of doubt, this Settlement Agreement shall only resolve the claims between the Trustee and the Defendant JOHN HANDEL & ASSOCIATES, INC., and the Trustee will only seek dismissal of JOHN HANDEL & ASSOCIATES, INC. pursuant to this agreement. The Trustee's claims against LEXINGTON INSURANCE COMPANY, also pending in this adversary proceeding, shall be unaffected by this Settlement Agreement.

4.      Bankruptcy Court Approval Required. This Settlement Agreement shall be subject in all respects to Bankruptcy Court approval pursuant to Fed. R. Bankr. P. 9019. If the Bankruptcy Court does not approve this Settlement Agreement, it shall be null, void and of no further force and effect, and the Trustee shall return all of the Settlement Amount previously received. The Trustee shall file a motion with the Bankruptcy Court seeking approval of this Settlement Agreement pursuant to Fed. R. Bankr. P. 9019 no later than thirty (30) days of full execution of this Settlement Agreement.

5.      Attorneys' Fees and Costs. Each Party shall bear his or its own attorneys' fees and costs incurred in regard to all matters arising out of or relating to this Settlement Agreement, the Main Case and the Adversary Proceeding.

6.      Mutual Release. Effective upon confirmation of receipt and bank clearance of the funds that are the subject of the Settlement Amount, the Parties forever remise,

release, acquit, satisfy, and forever discharge one another, including their respective officers, directors, employees, agents, attorneys and members and shall be deemed to have mutually remised, released, acquitted, satisfied, and forever discharged one another including their respective officers, directors, employees, agents, attorneys and members of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which the Parties ever had or now have against one another, or which any personal representative, successor, heir or assign of the Parties hereafter can, shall or may have, by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of time to the date of this Settlement Agreement, including, without limitation, all claims, demands and defenses that were or could have been raised in the Main Case and the Adversary Proceeding. The Defendant further agrees to waive any and all claims already filed or scheduled against the estates or the right to assert any and all additional claims against the estates or the Creditor Trust for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(d) and (h). This paragraph, however, shall not operate or be construed to operate as a release or discharge of any of the obligations under this Settlement Agreement, and does not contemplate any third-party beneficiaries.

7.    Adversary Proceeding. Within ten (10) business days after Bankruptcy Court approval of this Settlement Agreement, the Trustee shall file and serve a voluntary dismissal of JOHN HANDEL & ASSOCIATES, INC. from this Adversary Proceeding, with each party to bear their own attorneys' fees and costs.

8.    Default. In the event that a Party defaults hereunder and fails to cure said default as set forth below, the non-defaulting Party shall be entitled to an award of reasonable attorney's fees and costs relative to the enforcement of the terms of this Settlement Agreement. Without limitation, an event of default shall occur if the Defendant fails to timely make the

payment of the Settlement Amount to the Plaintiff as set forth in Paragraph 2 above, in which case, the Trustee, through counsel, shall provide written notice (the "Written Notice") of the default to the Defendant's counsel by first-class postage-paid U.S. mail or by facsimile and/or e-mail if such information is available (all of which the Parties agree to be acceptable methods of properly giving notice under this Agreement). The Written Notice shall provide five (5) business days from the date of such notice to cure the default. Should the Defendant fail to cure the default within the period referenced above, then, upon the Trustee's filing of a Motion to Request a Final Judgment, the Trustee, after notice and hearing, shall be entitled to the entry of a Final Judgment against the Defendant in the amount of $1,405.00, plus the reasonable fees and costs incurred with enforcing this Settlement Agreement. The only defense to the entry of a Final Judgment shall be the payment of the Settlement Amount plus the Trustee's reasonable fees in seeking to enforce this Settlement Agreement. All other defenses shall be deemed waived.

9.     Notices. All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following:

a.    Trustee:       Glenn D. Moses, Esq.
                     gmoses@gjb-law.com
                     Michael L. Schuster, Esq.
                     mschuster@gjb-law.com
                     Genovese Joblove & Battista, P.A.
                     100 S.E. Second Street, 44th Floor
                     Miami, Florida 33131
                     Tel: (305) 349-2300
                     Fax: (305) 349-2310
                     *Counsel for the Trustee*

b.    Defendant:     Nicolette C. Vilmos, Esq.
                     nvilmos@broadandcassel.com
                     Douglas A. Goldin, Esquire
                     dgoldin@broadandcassel.com
                     Broad & Cassel
                     390 North Orange Avenue, Suite 1400
                     Orlando, Florida 32801
                     Tel: (407) 839-4200

Fax: (407) 650-0927
*Counsel for the Defendant*

10.    Binding Effect.  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, including, but not limited to, any successor trustee of the Debtors' bankruptcy estates (or any successor trustee appointed by the Bankruptcy Court) or the Debtors' bankruptcy estates.

11.    Entire Agreement.    This Settlement Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this Settlement Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon the execution and delivery of this Settlement Agreement, superseded, null and void.

12.    Amendments.  No waiver, modification or amendment of the terms of this Settlement Agreement shall be valid or binding unless made in writing, signed by the party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

13.    Counter-Parts.  The Parties may execute this Settlement Agreement in whole or counterparts, and execution of counterparts shall have the same force and effect as if the parties had signed the same instrument. Signatures transmitted electronically or by facsimile shall have the same effect as original signatures.

14.    Choice of Law.    This Settlement Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without regard to its conflict of law principles.

15.    Neutral Interpretation.  In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be

considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

16.    Authority. Each Party to this Settlement Agreement warrants and represents that the person signing this Settlement Agreement on its behalf is duly authorized to enter into this Settlement Agreement on behalf of such party. Each Party signing this Settlement Agreement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement Agreement and shall survive execution of this Settlement Agreement.

17.    Illegality. If any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability shall not affect any other clause, provision, or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein, except if the release granted by the Defendant in this Settlement Agreement is deemed to be unenforceable, illegal, or invalid, then the release granted by the Trustee herein shall be of no force and effect, and any monies that may have been delivered to the Trustee pursuant to the settlement referenced herein shall be returned to the Defendant's counsel forthwith.

18.    Advice of Counsel. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement and that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party has had it fully explained to them by their counsel and understands the terms and provisions of this Settlement Agreement and its nature and effect. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying

solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

19.   <u>Acknowledgement.</u> This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Settlement Agreement is in the best interests of the Parties.

20.   <u>Divisions and Headings.</u> The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed as of the date shown above.

JOHN HANDEL & ASSOCIATES, INC.

By _____

Name: __LORNA S. WIRTZ_____

Title: __President_____


_____
Michael L. Schuster, Esq., counsel to Kenneth A. Welt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ROSCOE, LLC and                                    Case No.: 12-15391-RBR
BIMA II, LLC                                       Case No.: 12-15393-RBR

                                                   Chapter 7
        Debtors.                                   Jointly Administered Under
_____ /                  Case No. 12-15391-RBR

KENNETH A. WELT,
CHAPTER 7 TRUSTEE,

        Plaintiff,

v.

JOHN HANDEL & ASSOCIATES, INC. &
LEXINGTON INSURANCE COMPANY,                       Adv. Pro. No. 14-01259-BKC-RBR

        Defendant.
_____ /

## SETTLEMENT AGREEMENT AND RELEASE

        This Settlement Agreement and Release (hereinafter the "Settlement Agreement") is
made this 9th day of July, 2014, and is entered into by and between Kenneth A. Welt, Chapter
7 Trustee (the "Trustee" or the "Plaintiff") for Roscoe, LLC and BIMA II, LLC (together, the
"Debtors"); and (ii) Lexington Insurance Company ("Defendant") (the Trustee and the
Defendant shall sometimes collectively be referred to herein as the "Parties" or separately as
the "Party").

        WHEREAS, on March 5, 2012 (the "Petition Date"), the Debtors filed voluntary
petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et
seq. (as amended, the "Bankruptcy Code"), which cases (collectively, the "Main Case") are
pending before the United States Bankruptcy Court for the Southern District of Florida (the
"Court").

WHEREAS, on July 10, 2012, this Court entered an Order converting the Debtors' cases to Chapter 7 proceedings, and on the same day, the Office of the United States Trustee appointed Kenneth A. Welt as the Debtors' Chapter 7 Trustee.

WHEREAS, The Plaintiff has been appointed Chapter 7 Trustee for the estate of each of the Debtors and in that capacity has the authority to pursue, litigate or settle this adversary case.

WHEREAS, on March 4, 2014, the Trustee commenced a cause of action against the Defendant under the case styled *Kenneth A. Welt, Chapter 7 Trustee v. John Handel & Associates, Inc. and Lexington Insurance Company,* Adv. No. 14-01259-RBR (the "Adversary Proceeding"), seeking to avoid certain alleged preferential transfers made to the Defendant pursuant to 11 U.S.C. § 547 of the Bankruptcy Code, and recover such alleged preferential transfers from the Defendant for the benefit of the Debtors' bankruptcy estate in the total aggregate sum of $18,001.04 pursuant to 11 U.S.C. § 550(a);

WHEREAS, the Defendant has asserted affirmative defenses to the Adversary Proceeding, including (without limitation), ordinary course of business, subsequent new value, and contemporaneous exchange of value.

WHEREAS, in order to avoid the high costs and uncertainties of litigation, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle this matter amicably, have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Settlement Agreement.

NOW, THEREFORE, in consideration of the premises aforesaid and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as follows:

1. Recitals Incorporated. The recitals and prefatory phrases and paragraphs set forth above are true, accurate and correct, and are incorporated in full and made a part of this Settlement Agreement.

2.  Settlement Payment. In full and final satisfaction of all claims and demands that were or could have been asserted in the Main Case or the Adversary Proceeding by the Plaintiff against the Defendant, the Defendant shall pay the Trustee the total sum of $8,750.00 (the "Settlement Amount"), which payment shall be due and payable in a lump sum no later than ten (10) calendar days after the execution of this Settlement Agreement. Payment of the Settlement Amount shall be tendered to the Trustee's counsel and made payable to the "Kenneth A. Welt, Chapter 7 Trustee," and shall be held in Trustee's counsel's trust account pending Bankruptcy Court approval.

3.  Bankruptcy Court Approval Required. This Settlement Agreement shall be subject in all respects to Bankruptcy Court approval pursuant to Fed. R. Bankr. P. 9019. If the Bankruptcy Court does not approve this Settlement Agreement, it shall be null, void and of no further force and effect, and the Trustee shall return to Defendant all of the Settlement Amount previously received, and Defendant shall be entitled to file its response to the Complaint in the Adversary Proceeding, and/or otherwise defend and/or raise any and all claims available to it in the Main Case and the Adversary Proceeding. The Trustee shall file a motion with the Bankruptcy Court seeking approval of this Settlement Agreement pursuant to Fed. R. Bankr. P. 9019 no later than thirty (30) days after full execution of this Settlement Agreement.

4.  Attorneys' Fees and Costs. Each Party shall bear his or its own attorneys' fees and costs incurred in regard to all matters arising out of or relating to this Settlement Agreement, the Main Case and the Adversary Proceeding.

5.  Mutual Release. Effective upon confirmation of receipt and bank clearance of the funds that are the subject of the Settlement Amount, the Parties forever remise, release, acquit, satisfy, and forever discharge one another, including their respective officers, directors, employees, agents, attorneys and members and shall be deemed to have mutually

remised, released, acquitted, satisfied, and forever discharged one another including their respective officers, directors, employees, agents, attorneys and members of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which the Parties ever had or now have against one another, or which any personal representative, successor, heir or assign of the Parties hereafter can, shall or may have, by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of time to the date of this Settlement Agreement in relation to the Debtors, the Main Case and the Adversary Proceeding, including, without limitation, all claims, demands and defenses that were or could have been raised in the Main Case and the Adversary Proceeding. The Defendant further agrees to waive any and all claims already filed or scheduled against the estates for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(d) and (h), or the right to assert any and all additional claims against the estates for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(d) and (h). The Trustee further agrees to waive any and all claims or the right to assert any and all additional claims, if any, against Defendant with respect to payments made to Defendant from the Debtors or the estates from the commencement of the Main Case through the date of this Settlement Agreement and/or with respect to any post-petition claims. This paragraph, however, shall not operate or be construed to operate as a release or discharge of any of the obligations under this Settlement Agreement, and does not contemplate any third-party beneficiaries.

6.      Adversary Proceeding. Within five (5) business days after Bankruptcy Court approval of this Settlement Agreement, the Trustee shall file and serve a voluntary dismissal of the Adversary Proceeding with prejudice, with each party to bear their own attorneys' fees and costs.

7.      Default. In the event that a Party defaults hereunder and fails to cure said

default as set forth below, the non-defaulting Party shall be entitled to enforcement of the terms of this Settlement Agreement. Without limitation, an event of default shall occur if the Defendant fails to timely make the payment of the Settlement Amount to the Plaintiff as set forth in Paragraph 2 above, in which case, the Trustee, through counsel, shall provide written notice (the "Written Notice") of the default to the Defendant's counsel by certified U.S. mail, return receipt requested, with a copy by e-mail if such information is available (all of which the Parties agree to be acceptable methods of properly giving notice under this Agreement). The Written Notice shall provide five (5) business days from the date of receipt of such notice to cure the default. Should the Defendant fail to cure the default within the period referenced above, then, upon the Trustee's filing of a Motion to Request a Final Judgment, the Trustee, after notice and hearing, shall be entitled to the entry of a Final Judgment against the Defendant in the full Settlement Amount  In such event, the only defense to the entry of a Final Judgment shall be the payment of the Settlement Amount or the applicability of paragraph 16 requiring that upon determination that either Party's release hereunder is unenforceable, illegal, or invalid, and any monies that may have been delivered to the Trustee pursuant to the settlement referenced herein shall be returned to the Defendant's counsel forthwith and shall not be due. . All other defenses shall be deemed waived. Should the Plaintiff fail to cure the default within the period referenced above, then, Defendant shall be entitled to file a Motion to Enforce the Settlement Agreement.

      8.    Notices. All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following:

      a.    Trustee:    Glenn D. Moses, Esq.
gmoses@gjb-law.com
Michael L. Schuster, Esq.
mschuster@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131

Tel: (305) 349-2300
Fax: (305) 349-2310
*Counsel for the Trustee*

b.    Defendant:    Ryan G. Foley, Esq.
ryan.foley@aig.com
Associate General Counsel
AIG Property Casualty
5 Wood Hollow Rd. 3rd Floor
Parsippany, NJ 07054
Telephone (973) 402-2841
*Counsel for the Defendant*

9.    Binding Effect. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, including, but not limited to, any successor trustee of the Debtors' bankruptcy estates (or any successor trustee appointed by the Bankruptcy Court) or the Debtors' bankruptcy estates.

10.    Entire Agreement.    This Settlement Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this Settlement Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon the execution and delivery of this Settlement Agreement, superseded, null and void.

11.    Amendments. No waiver, modification or amendment of the terms of this Settlement Agreement shall be valid or binding unless made in writing, signed by the party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

12.    Counter-Parts. The Parties may execute this Settlement Agreement in whole or counterparts, and execution of counterparts shall have the same force and effect as if the parties had signed the same instrument. Signatures transmitted electronically or by facsimile shall have the same effect as original signatures.

13.    Choice of Law.   This Settlement Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without regard to its conflict of law principles.

14.    Neutral Interpretation.   In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

15.    Authority.   Each Party to this Settlement Agreement warrants and represents that the person signing this Settlement Agreement on its behalf is duly authorized to enter into this Settlement Agreement on behalf of such party. Each Party signing this Settlement Agreement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement Agreement and shall survive execution of this Settlement Agreement.

16.    Illegality.   If any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability shall not affect any other clause, provision, or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein, except if the release granted by the Defendant in this Settlement Agreement is deemed to be unenforceable, illegal, or invalid, then the release granted by the Trustee herein shall be of no force and effect, and any monies that may have been delivered to the Trustee pursuant to the settlement referenced herein shall be returned to the Defendant's counsel forthwith and shall not be due; and if the release granted by Trustee in this Settlement Agreement is deemed to be unenforceable, illegal, or invalid, then the release granted by Defendant shall be of no force and effect, and any monies that may have been delivered to the

Trustee pursuant to the settlement referenced herein shall be returned to the Defendant's counsel forthwith and shall not be due. In either circumstance, Defendant shall be entitled to file its response to the Complaint filed in the Adversary Action and otherwise defend the Adversary Proceeding and/or maintain any and all claims or defenses in the Main Case and Adversary Proceeding.

17.    Advice of Counsel. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement and that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party has had it fully explained to them by their counsel and understands the terms and provisions of this Settlement Agreement and its nature and effect. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

18.    Acknowledgement. This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Settlement Agreement is in the best interests of the Parties.

19.    Divisions and Headings. The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed as of the date shown above.

LEXINGTON INSURANCE COMPANY.

By _____

Name: _James A Crain_____

Title: _Senior Vice President_

_____

Michael L. Schuster, Esq,, counsel to Kenneth A.
Welt, Chapter 7 Trustee

_____

Kenneth A. Welt, Chapter 7 Trustee

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

**In re:**

| | |
|---|---|
| **ROSCOE, LLC and** | **Case No.: 12-15391-RBR** |
| **BIMA II, LLC** | **Case No.: 12-15393-RBR** |

|  |  |
|---|---|
|  | **Chapter 7** |
| **Debtors.** | **Jointly Administered Under** |
| _____ / | **Case No. 12-15391-RBR** |

## ORDER GRANTING CHAPTER 7 TRUSTEE'S SECOND OMNIBUS MOTION TO APPROVE COMPROMISES OF CONTROVERSIES

THIS CAUSE came before the Court upon Second Omnibus Motion to Approve Compromises of Controversies [ECF No. ___] (the "Motion") filed by Kenneth A. Welt ("Trustee"), the Chapter 7 trustee the bankruptcy estates of Roscoe, LLC and BIMA II, LLC. The Court, having noted that the Motion was served on creditors and parties in interest pursuant to Local Rule 9013-1(D) and that no objection was filed; having reviewed the Motion and the record in this case; having found that the Settlement Agreements attached as Composite Exhibit

A to the Motion are reasonable and in the best interests of the creditors and the estate; and being otherwise fully advised in the premises, it is

   ORDERED AND ADJUDGED as follows:

   1.  The Motion is GRANTED.

   2.  The Settlement Agreements attached as Composite Exhibit A to the Motion are approved in all respects.

   3.  The Trustee and the counter-parties to each Settlement Agreement authorized to take any and all actions and execute any and all documents necessary to effectuate the terms of all the Settlement Agreements.

   4.  The Court retains jurisdiction to modify, interpret or enforce the terms of each of the Settlement Agreements.

   5.  In determining that it is appropriate to enter this Order, the Court has considered: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. See In re Justice Oaks, II, Ltd., 898 F.2d 1544, 1549 (11th Cir.)

# # #

Submitted by:

Michael L. Schuster, Esq.
Genovese Joblove & Battista, P.A.
100 S.E. Second Street, 44th Floor
Miami, Florida 33131
Tel.: (305) 349-2300
 [Attorney Schuster is directed to furnished a copy of this order to all parties in interest  and file a certificate of service]

**EXHIBIT C**

Label Matrix for local noticing
113C-0
Case 12-15391-RBR
Southern District of Florida
Fort Lauderdale
Thu Jul 17 16:48:50 EDT 2014

American Express Travel Related Services Co
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Broward County
c/o Hollie N Hawn Esq
115 S Andrews Ave #423
Fort Lauderdale, FL 33301-1826

Firstbank Florida
c/o David R Softness
201 S Biscayne Blvd #1740
Miami, FL 33131-4329

Gold Coast Linen Services
1811 N Dixie Highway
West Palm Beach, FL 33407-6505

Jowdy Industries, Inc d/b/a Independent Seaf
c/o Kenneth Rappaport
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

Roscoe, LLC
c/o John Wile
3217 NE 31 Ave
Lighthouse Point, FL 33064-8537

The Tides at Bridgeside Square Condominium A
Becker & Poliakoff, PA
Lisa M. Castellano, Esq
311 Park Place Blvd.
Ste. 250
Clearwater, Fl 33759-3977

AAA Advance Septic & Drain
P.O. Box 268117
Fort Lauderdale, FL 33326-8117

ABI American Bankers Insurance
P.O. Box 29861
Dept. ABIC-10111
Phoenix, AZ 85038-9861

ACE Waste Services, LLC
P.O. Box 290730
Fort Lauderdale, FL 33329-0730

ASCAP
21678 Network Place
Chicago, IL 60673-1216

AT&T
P.O. Box 105262
Atlanta, GA 30348-5262

AceWaste Services, LLC
7060 SW 22nd Court
Davie, FL 33317-7140

Advanced Pools
3129 NW 35th Avenue
Fort Lauderdale, FL 33309-5499

Aerial Banners, Inc.
601 SW 77th Way, Hanger #2
Pembroke Pines, FL 33023-2591

Al Masters CPA, P.A.
1881 University Drive, Suite 100
Pompano Beach, FL 33071-6093

Alliance Linen Service, LLC dba Bayview Line
1811 N. Dixie Hwy
West Palm Beach, FL 33407-6505

Art Sign Co.
835 NW 6th Avenue
Fort Lauderdale, FL 33311-7222

BMC Barmaid Corp.
2950 NW 22nd Terrace
Pompano Beach, FL 33069-1045

BMI General Leasing
Attn: Receivables
10 Music Square
Nashville, TN 37203

BRILL HYGIENIC PRODUCTS INC
601 NORTH CONGRESS AVE
UNIT 306
DELRAY BEACH, FL 33445-4695

Bar Harbor Seafood
2000 Premier Row
Orlando, FL 32809-6208

Bayview Linen
1811 N. Dixie Highway
West Palm Beach, FL 33407-6505

Brill Hygienic Products
601 N. Congress Avenue, Suite 206
Delray Beach, FL 33445-4627

Broward County Records,Taxes & Treasury Div.
TAX COLLECTOR-Gov't Center Annex
Attn: Litigation Dept.
115 So. Andrews Avenue
Ft. Lauderdale, Fl 33301-1818

Broward-Nelson
241 SW 21st Terrace
Fort Lauderdale, FL 33312-1491

Chase Bank
P.O. Box 15133
Willmington, DE 19850

Cheney Brothers, Inc.
1 Cheney Way
West Palm Beach, FL 33404-7000

Cintas Corp.
c/o Anna Boucher
2401 Vista Parkway
West Palm Beach, FL 33411-5612

Cintas Corporation
2401 Vista Parkway
West Palm Beach, FL 33411-5612

Cintas First Aid
P.O. Box 636525
Cincinnati, OH 45263-6525

Citicorp Vendor Finance, Inc
10201 Centurion Pkwy N#100
Jacksonsville, FL 32256-4114

City of Fort Lauderdale
c/o City Attorney&#039;s Office
100 N Andrews Av
7th Flr
Fort Lauderdale, FL 33301-1085

City of Ft. Lauderdale Water & Sewer
100 N. Andrews Avenue
Fort Lauderdale, FL 33301-1085

Comcast
P.O. Box 530098
Atlanta, GA 30353-0098

Cover It
1923 W. Copans Road
Pompano Beach, FL 33064-1517

DMX, Inc.
P.O. Box 660557
Dallas, TX 75266-0557

(p)DIRECTV LLC
ATTN BANKRUPTCIES
PO BOX 6550
GREENWOOD VILLAGE CO 80155-6550

Earthlink Business
P.O. Box 11407
Dept. #1798
Birmingham, AL 35246-0100

Ecolab
P.O. Box 905327
Charlotte, NC 28290-5327

Ecolab Pest Control
P.O. Box 6007
Grand Forks, ND 58206-6007

Empire Cooler Service
940 W. Chicago Avenue
Chicago, IL 60642-5494

Executive Cleaning Systems, Inc.
542 SW Ridge Street
Lake City, FL 32024-3350

Exotic Aquatic
275 E. Oakland Park Blvd.
Fort Lauderdale, FL 33334-1155

FPL
P.O. Box 025578
Miami, FL 33102-5578

Farmers Mart
81 SW 5th Street
Pompano Beach, FL 33060-7901

Fire Master Department
1019 P.O. Box 121019
Dallas, TX 75312-1019

FirstBank Florida
9795 S. Dixie Highway
Miami, FL 33156-2806

Forum Publishing Group
P.O. Box 100773
Atlanta, GA 30384-0773

General Hotel & Restaurant
13900 NW 82nd Avenue
Hialeah, FL 33016-1548

Great Locations, Inc.
Attn: Accounting Dept.
2745 E. Atlantic Blvd., Suite 301
Pompano Beach, FL 33062-4976

Greater Fort Lauderdale Chamber of Comm.
512 NE 3rd Avenue
Fort Lauderdale, FL 33301-3236

Harleysville Mutual Insurance Company
Attn: Flood Insurance Processing Center
P.O. Box 731178
Dallas, TX 75373-1178

Highway Technologies
2711 SW 36th Street
Fort Lauderdale, FL 33312-6702

Hospitality Solutions, Inc.
90th Street, Suite 300
Scottsdale, AZ 85258

Independent Seafood
5300 Georgia Avenue
West Palm Beach, FL 33405-3598

Infinite Energy, Inc.
Attn: Payment Center
P.O. Box 791263
Baltimore, MD 21279-1263

Intercoastal Parking
3033 NE 32nd Avenue
Fort Lauderdale, FL 33308-7220

Island Oasis Frozen Cocktail Co., Inc.
P.O. Box 842826
Boston, MA 02284-2826

Konica Minolta Business Solutions, Inc.
21146 Network Place
Chicago, IL 60673-1211

Lauderdale by the Sea Chamber of Comm.
4201 Ocean Drive
Fort Lauderdale, FL 33308-5424

Mr. Green's
1620 NW 21st Street Bay, Suite B
Miami, FL 33142-7400


New Times
c/o Andrea Stern
16 NE 4th Street, Suite 200
Fort Lauderdale, FL 33301-3262

Office Depot
6600 N Military Trail S401F
Boca Raton FL 33496-2434

Office Depot
P.O. Box 633211
Cincinnati, OH 45263-3211


Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Overall
823 NE 32 Ave
Mt Laurel NJ 08054

Performance Food Group Inc.
3595 NW 125 St
Miami FL 33167-2413


Pitney Bowes, Inc.
2225 American Drive
Neenah, WI 54956-1005

Premium Assignment Corporation
P.O. Box 3100
Tallahassee, FL 32315-3100

R.L. Schrieber, Inc.
1741 NW 33rd Street
Pompano Beach, FL 33064-1327


RD Fresh
2105 NW 22nd Street
Pompano Beach, FL 33069-1342

Renee Jaquith
1 Westbrook Dr
apt L 204
1 Westbrook Dr
Swedesboro, NJ 08085-2574

Rhino Paper & Marketing
3540 NW 56th Street, Suite 208
Fort Lauderdale, FL 33309-2260


SOUTH EAST CUTLERY
407 EAST PROSPECT ROAD
OAKLAND PARK, FL 33334-1422

San Giorigo Coffee, Inc.
2238 Hayes Street
Homestead, FL 33030

Sherwin William
3212 NW 9th Avenue
Fort Lauderdale, FL 33309-5912


Sun Coast Air Engineering
4465 NW 9th Avenue
Oakland Park, FL 33309-3834

Sysco Food Services of S. Florida, Inc.
1999 Highway 710
Riviera, FL 33404-7005

Teco Peoples Gas
P.O. Box 31017
Tampa, FL 33631-3017


Terminello & Terminello, P.A.
2700 SW 37th Ave.
Miami, FL 33133-2742

The Tides at Bridgeside Square Condo. Assoc.
Lisa Castellano, Esq.
c/o Becker & Poliakoff, P.A.
311 Park Place Blvd., Suite 250
Clearwater, FL 33759-3977

The Tides at Ridgeside Square Condo. Assoc.,
Lisa Castellano, Esq.
c/o Becker & Poliakoff, P.A.
311 Park Place Blvd., Suite 250
Clearwater, FL 33759-3977


Tribune Company d/b/a Forum Publishing Group
2501 S State Hwy 121 Bus &#035;800B
Lewisville, TX 75067-4394

Tribune Company/Sun Sentinel
2501 S State Hwy 121 Bus #800B
Lewisville TX 75067-8229

US Restaurant Services
10670 Emperor Street
Boca Raton, FL 33428-4133


United States Trustee
51 SW 1 Ave., Room 1204
Miami, FL 33130-1614

Yellow Cab Magazine
P.O. Box 950
Fort Lauderdale, FL 33302-0950

Albert C D'Agostino
511 SE 5 Ave #107
Fort Lauderdale, FL 33301-2988

```
Doug Walker                          Elizabeth Schrupp                 Fern Puzio
350 Jim Moran Blvd #220              6223 Lavendale Avenue             c/o Marc A Kaufman
Deerfield Beach, Fl 33442-1721       Dallas, TX 75230-3424            350 E Las Olas Blvd #970
                                                                      Fort Lauderdale, FL 33301-4240



Kenneth A Welt                       Louis J Terminello               Sandirose Magder
c/o George Castrataro                2700 SW 37 Ave                   110 E Broward Blvd #1700
707 NE Third Ave #300                Miami, FL 33133-2742             Fort Lauderdale, FL 33301-3500
Fort Lauderdale, FL 33304-2683
```

          The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
          by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Direct TV
P.O. Box 60036
Los Angeles, CA 90060
```

          The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)American Express Travel Related Services C    End of Label Matrix
c/o Becket and Lee LLP                           Mailable recipients    95
POB 3001                                         Bypassed recipients     1
Malvern  PA 19355-0701                           Total                  96
```

Label Matrix for local noticing
113C-0
Case 12-15393-RBR
Southern District of Florida
Fort Lauderdale
Thu Jul 17 16:49:41 EDT 2014

BIMA II, LLC
3033 N.E 32nd Avenue
Fort Lauderdale, FL 33308-7220

Firstbank Florida
c/o David R Softness
201 S Biscayne Blvd #1740
Miami, FL 33131-4329

The Tides at Bridgeside Square, CAI
Becker & Poliakoff, PA
Lisa M. Castellano, Esq.
311 Park Place Blvd.
Ste. 250
Clearwater, FL 33759-3977

AAA Advance Septic & Drain
P.O. Box 268117
Fort Lauderdale, FL 33326-8117

ABI American Bankers Insurance
P.O. Box 29861
Dept. ABIC-10111
Phoenix, AZ 85038-9861

ACE Waste Services
P.O. Box 29861
Dept. ABIC-10111
Phoenix, AZ 85038-9861

ASCAP
21678 Network Place
Chicago, IL 60673-1216

AT&T
P.O. Box 105262
Atlanta, GA 30348-5262

Ace Waste Services, LLC
7060 SW 22nd Court
Davie, FL 33317-7140

Al Masters CPA, P.A.
1881 University Drive, Suite 100
Pompano Beach, FL 33071-6093

Art Sign Co.
835 NW 6th Avenue
Fort Lauderdale, FL 33311-7222

BMC Barmaid Corp.
2950 NW 22nd Terrace
Pompano Beach, FL 33069-1045

BMI General Leasing
Attn: Recievables Management
Nashville, TN 37203

Bar Harbor Seafood
2000 Premier Row
Orlando, FL 32809-6208

Bayview Linen
1811 N. Dixie Highway
West Palm Beach, FL 33407-6505

Brill Hygienic Products
601 N. Congress Avenue, Suite 206
Delray Beach, FL 33445-4627

Broward-Nelson
241 SW 21st Terrace
Fort Lauderdale, FL 33312-1491

Cheney Brothers, Inc.
1 Cheney Way
West Palm Beach, FL 33404-7000

Cintas Corp.
Attn: Anna Boucher
2401 Vista Parkway
West Palm Beach, FL 33411-5612

Cintas First Aid
P.O. Box 636525
Cincinnati, OH 45263-6525

City of Fort Lauderdale
c/o City Attorney&#039;s Office
100 N Andrews Av
7th Flr
Fort Lauderdale, FL 33301-1085

City of Ft. Lauderdale Water & Sewer
100 N. Andrews Avenue
Fort Lauderdale, FL 33301-1085

Comcast
P.O. Box 530098
Atlanta, GA 30353-0098

Cover It
1923 W. Copans Road
Pompano Beach, FL 33064-1517

DMX, Inc.
P.O. Box 660557
Dallas, TX 75266-0557

(p)DIRECTV LLC
ATTN BANKRUPTCIES
PO BOX 6550
GREENWOOD VILLAGE CO 80155-6550

Earthlink Business
P.O. Box 11407
Dept. 1798
Birmingham, AL 35246-0100

Ecolab Pest Control
P.O. Box 6007
Grand Forks, ND 58206-6007

Ecolab, Inc.
P.O. Box 905327
Charlotte, NC 28290-5327

Empire Cooler Service
940 W. Chicago Avenue
Chicago, IL 60642-5494

Executive Cleaning Systems, Inc.
542 SW Ridge Street
Lake City, FL 32024-3350

Exotic Aquatic
275 E. Oakland Park Blvd.
Fort Lauderdale, FL 33334-1155

FPL
P.O. Box 025578
Miami, FL 33102-5578

Farmers Mart
81 SW 5th Street
Pompano Beach, FL 33060-7901

Fire Master Department
1019 P.O. Box 121019
Dallas, TX 75312-1019

FirstBank Florida
9795 S. Dixie Highway
Miami, FL 33156-2806

FirstBank Florida
9795 South Dixie Highway
Miami, FL 33156-2806

Forum Publishing Group
P.O. Box 100773
Atlanta, GA 30384-0773

General Hotel & Restaurant
13900 NW 82nd Avenue
Hialeah, FL 33016-1548

Great Locations, Inc.
Attn: Accounting Dept.
2745 E. Atlantic Blvd., Suite 301
Pompano Beach, FL 33062-4976

Greater Fort Lauderdale Chamber of Comm.
512 NE 3rd Avenue
Fort Lauderdale, FL 33301-3236

Harleysville Mutual Insurance, Company
Attn: Flood Insurance Processing Center
P.O. Box 731178
Dallas, TX 75373-1178

Highway Technologies
2711 SW 36th Street
Fort Lauderdale, FL 33312-6702

Hospitality Solutions, Inc.
90th Street, Suite 300
Scottsdale, AZ 85258

Independent Seafood
5300 Georgia Avenue
West Palm Beach, FL 33405-3598

Infinite Energy, Inc.
Attn: Payment Center
P.O. Box 791263
Baltimore, MD 21279-1263

Intercoastal Parking
3033 NE 32nd Avenue
Fort Lauderdale, FL 33308-7220

Island Oasis Frozen Cocktail Co., Inc.
P.O. Box 842826
Boston, MA 02284-2826

Lauderdale By the Sea Chamber of Comm.
4201 Ocean Drive
Fort Lauderdale, FL 33308-5424

Mr. Green's
1620 NW 21st Street Bay, Suite B
Miami, FL 33142-7400

New Times
c/o Andrea Stern
16 NE 4th Street, Suite 200
Fort Lauderdale, FL 33301-3262

Office Depot
P.O. Box 633211
Cincinnati, OH 45263-3211

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Pitney Bowes, Inc.
2225 American Drive
Neenah, WI 54956-1005

R.L. Schrieber, Inc.
1741 NW 33rd Street
Pompano Beach, FL 33064-1327

RD Fresh
2105 NW 22nd Street
Pompano Beach, FL 33069-1342

Rhino Paper & Marketing
3540 NW 56th Street, Suite 208
Fort Lauderdale, FL 33309-2260

San Giorigo Coffee, Inc.
2238 Hayes Street
Homestead, FL 33030

Sherwin William
3212 NW 9th Avenue
Fort Lauderdale, FL 33309-5912

| | | |
|---|---|---|
| Sun Coast Air Engineering<br>4465 NW 9th Avenue<br>Oakland Park, FL 33309-3834 | Sun Sentinel<br>P.O. Box 100606<br>Atlanta, GA 30384-0606 | Sysco Food Services of S. Florida, Inc.<br>1999 Highway 710<br>Riviera, FL 33404-7005 |
| Teco Peoples Gas<br>P.O. Box 31017<br>Tampa, FL 33631-3017 | Terminello & Terminello, P.A.<br>2700 SW 37th Ave.<br>Miami, FL 33133-2742 | The Tides at Bridgeside Square Condo. Assoc.<br>Lisa Castellano, Esq.<br>c/o Becker & Poliakoff, P.A.<br>311 Park Place Blvd., Suite 250<br>Clearwater, FL 33759-3977 |
| US Restaurant Services<br>10670 Emperor Street<br>Boca Raton, FL 33428-4133 | United States Trustee<br>51 SW 1 Ave., Room 1204<br>Miami, FL 33130-1614 | Yellow Cab Magazine<br>P.O. Box 950<br>Fort Lauderdale, FL 33302-0950 |
| Adam D. Marshall Esq.<br>197 S Federal Hwy # 300<br>Boca Raton, FL 33432-4946 | Joe M. Grant Esq.<br>Marshall Socarras Grant, P.L.<br>197 S. Federal Hwy #300<br>Boca Raton, FL 33432-4946 | Kenneth A Welt<br>c/o George Castrataro<br>707 NE Third Ave #300<br>Fort Lauderdale, FL 33304-2683 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Direct TV
P.O. Box 60036
Los Angeles, CA 90060

End of Label Matrix
Mailable recipients    71
Bypassed recipients     0
Total                  71